**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SWCA, INC., an Arizona Corporation, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-140-RAW-DES |
| | ) | |
| PSH OKLAHOMA DEVELOPMENT | ) | |
| COMPANY, INC., a Texas Corporation; | ) | |
| SOUTHEAST OKLAHOMA POWER | ) | |
| CORPORATION, a Nevada Corporation | ) | |
| (SEOPC); and JOHANN TSE, individually and as | ) | |
| president of PSH and SEOPC, | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff and Counter-Defendant, SWCA, INC.'s ("SWCA") Motion to Dismiss Defendants' Counterclaim. (Docket No. 44). On May 15, 2025, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 11). For the reasons set forth below, the undersigned Magistrate Judge recommends SWCA's Motion to Dismiss be DENIED.

**I.     Background**

This case arises out of an alleged breach of contract. SWCA filed suit in the Eastern District of Oklahoma, alleging SWCA and Defendant PSH Oklahoma Development Company, LLC, ("PSH") entered into a written service agreement for environmental consulting work that included project management, process of intent, pre-application documents, site visits and study of plan scoping and environmental studies. (Docket No. 2 at 2). Under the service agreement, PSH agreed to pay SWCA a total amount of $256,295.00. *Id.* SWCA alleges that although it performed and

1

provided the services required, PSH failed and refused to make payment. *Id.* at 3. Suit was filed on April 29, 2025. On September 17, 2025, PSH along with Defendant South Oklahoma Power Corporation ("SEOPC") and Defendant Johann Tse ("Tse") (collectively "Defendants") filed an Amended Counterclaim against SWCA alleging that SWCA breached the terms of the service agreement, breach the implied covenant of good faith and fair dealing, fraudulently misrepresented and induced Defendants into the service agreement, committed professional negligence, defamation and tortiously interfered with prospective economic advantage, along with violating civil RICO law. (Docket No. 43). SWCA now seeks to dismiss counts 2-10 of Defendants' Counterclaim for failure to state a claim for relief. (Docket No. 44).

## II.    Analysis

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard and held that to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id*. at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id*. at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins*, 519 F. 3d at 1247. Courts are to construe the

2

allegations of a complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

Additionally, claims based in fraud are subjected to a heightened pleading standard and must "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9. This heightened standard is also "applicable to RICO predicate acts based on fraud." *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "Malice, intent, knowledge, and other conditions of a person's mind," may be alleged generally. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claim and the factual background upon which they are based[,]" and a plaintiff is required to provide the "who, what, when, where and how of the alleged [claims]." *Id*. at 1171-72 (citation, quotation marks, and brackets omitted).

a.  **Counts 5-10: Defamation/Libel Per Se, Tortious Interference with Prospective Economic Advantage, Abuse of Process, Civil RICO, and False Light/Invasion of Privacy**

Defendants' Amended Counterclaim alleges that "on or about May 23, 2025, SWCA filed a complaint in the Federal Energy Regulatory Commission ("FERC") eLibrary . . . publicly alleging that [Defendants] failed to pay invoices and further accusing them of 'fraud' and 'intellectual property theft.'" (Docket No. 43 at 7). Defendants further allege these "one-sided, unproven allegations in the FERC docket has caused [Defendants] reputational harm, chilled investment interest, jeopardized financing, and damaged ongoing business opportunities." *Id.* at 8. SWCA argues this allegation is conclusory and there are no facts to support any allegation that SWCA was the party that filed a copy of the Complaint in the FERC eLibrary. (Docket No. 44 at 4-5). SWCA further alleges that a review of the filed document shows that S. Willyard was the individual who filed the Compliant with FERC and further alleges that S. Willyard is not an employee, agent, associate, or affiliate of SWCA. *Id.* at 4. However, Defendants are not required to prove their claims at this stage in the litigation. Further discovery may be necessary for Defendants to ascertain the motive and involvement of S. Willyard with SWCA.[1]  At this stage in the litigation, the Amended Counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that [SWCA] has acted unlawfully." *Id.*  Here, "Defendants have pled facts supporting a plausible inference of coordination—including contemporaneous communications and SWCA's benefit from the filing." (Docket No. 45 at 8). Taking the allegation as true, the Defendants have sufficiently alleged SWCA filed a copy of the Complaint with FERC for the purposes of defaming

---

[1] Defendants also note that S. Willyard "is known for being in contact with SWCA." (Docket No. 45 at 7).

and causing economic loss or to coerce payment or cause reputational harm to Defendants. (Docket No. 43 at 9-11). Accordingly, the undersigned Magistrate Judge RECOMMENDS SWCA's Motion to Dismiss counts 5-10 of Defendants' Amended Counter Claims be DENIED.

### b. Counts 2 and 4: Breach of the Implied Covenant of Good Faith and Fair Dealing, and Professional Negligence

SWCA argues that Defendants' claim for breach of the implied covenant of good faith and fair dealing does not extend to commercial contracts in Oklahoma and therefore is legally insufficient. (Docket No. 44 at 5). Tenth Circuit precedent has upheld the rule that "'[e]very contract in Oklahoma contains an implied duty of good faith and fair dealing.'" *Grubb v. DXP Enters., Inc.*, 85 F.4th 959, 966 (10th Cir. 2023) (quoting *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004)). Under this duty, neither party may "act to injure the parties' reasonable expectations nor impair the rights or interests of the other to receive the benefits flowing from their contractual relationship." *First Nat'l Bank & Tr. Co. of Vinita v. Kissee*, 859 P.2d 502, 509 (Okla. 1993) (per curiam); *see also Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 728 (10th Cir. 1991) ("The covenant requires that no party destroy or injure another party's right to receive the fruits of the contract." (internal quotation marks omitted)). The Tenth Circuit has held that under Oklahoma law, "'a party to a contract may not by his deliberate act prevent the happening of a condition therein and then take advantage of the condition to defeat liability upon the contract.'" *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987) (quoting *Mount v. Schulte*, 143 P.2d 424, 426 (1943)). "In other words, if a contractual benefit for party A depends on the occurrence of a condition under the control of party B, party B may be in breach of contract if it acts in bad faith to prevent the occurrence of the condition." *Grubb*, 85 F.4th at 967.

SWCA is correct that Oklahoma Courts have ruled that "[i]n ordinary commercial contracts, a breach of [the implied duty of good faith and fair dealing] merely results in damages for breach of contract, not independent tort liability." *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004). Absent a special relationship between the parties, Oklahoma law does not recognize a tort claim arising out of a breach of contract. *See Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1226 (Okla. 1988). "The 'special relationship' that gives rise to tort liability for bad faith is marked by (1) a disparity in bargaining power where the weaker party has no choice of terms, also called an adhesion contract, and (2) the elimination of risk." *Embry v. Innovative Aftermarket Sys. L.P.*, 247 P.3d 1158, 1160 (Okla. 2010) (quoting *Rodgers,* 756 P.2d at 1226) . The only exception to this rule is where there is "gross recklessness or wanton negligence on behalf of a party." *Beshara v. S. Nat'l Bank*, 928 P.2d 280, 288 (Okla. 1996).

From a review of the Amended Counterclaim it does not appear that Defendants are seeking damages for Counts 2 or 4 that would be separate or apart from the damages they are seeking for Count 1, Breach of Contract. (Docket No. 43 at 12). Furthermore, Defendants have sufficiently alleged facts to support a claim for breach of the implied duty of good faith and breach of professional negligence. *Id.* at 3-4. Additionally, under Oklahoma pleading standards:

> A party may set forth, and at trial rely on, two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."

*Howell v. James*, 818 P.2d 444, 447 (Okla. 1991) (citing 12 O.S. § 2008(E)(2)). While double recovery is not permitted, a party is not prevented from fully litigating multiple theories. *Id.* Accordingly, the undersigned Magistrate Judge RECOMMENDS SWCA's Motion to Dismiss Counts 2 and 4 of Defendants' Amended Counterclaim be DENIED.

### c.  Count 3:  Fraudulent Misrepresentation/ Fraud in the Inducement

SWCA further argues that Defendants have not properly stated a claim for fraud. (Docket No. 44 at 7). As noted above, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In order to sufficiently allege fraud in Oklahoma, Defendants must plead:  1) [SWCA] made a material representation that was false, 2) [SWCA] knew the representation was false when it was made, 3) [SWCA] made the representation with the intention that it would be acted upon by [Defendants], and 4) that [Defendants] acted in reliance upon the representation, and thereby suffered detriment. *Stehm v. Nordam Group, Inc*., 170 P.3d 546, 549 (Okla.Civ.App.2007) (internal citation omitted). SWCA argues that Defendants have failed to plead that "Plaintiff made a false representation; Plaintiff knew of the falsity of its representation; Plaintiff intended that the representation would be acted upon by Defendants; and Defendants actually relied upon Defendants' representation." (Docket No. 44 at 7). The undersigned Magistrate Judge does not agree.

Defendants' Amended Counterclaim alleges that SWCA represented to Defendants that specific individuals would manage the project with the qualifications and expertise to obtain approval from FERC(Docket No. 43 at 4-5), but once an agreement was signed SWCA "substituted those managers immediately upon execution, showing intent not to perform at the time of contracting." (Docket No. 45 at 4). Defendants allege these representations were made during negotiations and were incorporated into the Service Agreement and that Defendants relied upon these representations to their detriment. *Id.* Defendants specifically allege that the representation that "Nuria Holmes will serve as project manager and primary point of contact to oversee day-to-day tracking of tasks, project budget, and timeline for the project" was a

"cornerstone of SWCA's proposal" and they "relied on this material representation that a designated expert would personally lead the project, a promise that was instrumental in the decision to retain SWCA's services." (Docket No. 43 at 5-6). Furthermore, Defendants allege "SWCA fraudulently induced [Defendants] to enter into the Agreement by making false and material misrepresentations about its ability to produce a work product that would meet federal regulatory standards." *Id.* at 6. The representation that "SWCA possessed the specific expertise to navigate the complex FERC process successfully and deliver a compliant submission" was relied on by Defendants and "was a primary inducement for entering into the Agreement." *Id.* Defendants have clearly alleged the who, what, where, when, and how of the alleged fraud to give SWCA fair notice of Defendants' claim and the factual background upon which they are based. *Lemmon,* 614 F.3d at 1172. Accordingly, the undersigned Magistrate Judge RECOMMENDS SWCA's Motion to Dismiss Count 3 of Defendants' Amended Counterclaim be DENIED.

### III.    Conclusion

The undersigned Magistrate Judge concludes that Defendants' Amended Counterclaim sufficiently states plausible claims for relief under the applicable pleading standards of Rules 8 and 9(b). Although SWCA argues that Counts 2 through 10 are conclusory or legally deficient, the undersigned Magistrate Judge finds that Defendants have alleged sufficient facts to support claims for breach of the implied covenant of good faith and fair dealing, professional negligence, fraudulent inducement, defamation, tortious interference, abuse of process, civil RICO, and false light/invasion of privacy. The undersigned Magistrate Judge further finds that Defendants have adequately pleaded fraud-based allegations with the particularity required under Rule 9(b), including specific representations SWCA allegedly made during contract negotiations and Defendants' reliance thereon. Additionally, Defendants' allegations regarding SWCA's purported

filing of defamatory statements with FERC plausibly support their tort-based claims at this stage of the litigation. Because the Amended Counterclaim provides sufficient factual allegations to place SWCA on fair notice of the claims asserted and raises a reasonable inference of liability, the undersigned Magistrate Judge recommends that SWCA's Motion to Dismiss Counts 2 through 10 of the Amended Counterclaim be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 4th day of June, 2026.

_____
D. Edward Snow
United States Magistrate Judge